IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CITIFINANCIAL, INC.,

    Plaintiff,

v.                                                      Civil Action No. 5:06CV145
                                                                     (STAMP)

PAUL W. LIGHTNER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REALIGN
THE PARTIES FOR PURPOSES OF REMOVAL,
GRANTING DEFENDANT'S MOTION TO REMAND,
DENYING WITHOUT PREJUDICE
LIGHTNER'S MOTION TO CERTIFY
AND DENYING WITHOUT PREJUDICE
CITIFINANCIAL'S MOTION TO DISMISS**

I.  Procedural History

On October 30, 2002, the plaintiff, CitiFinancial, Inc. ("CitiFinancial"), filed a complaint against the defendant, Paul W. Lightner ("Lightner"), in the Circuit Court of Marshall County, West Virginia alleging breach of contract and seeking monetary damages in the amount of $6,645.10 plus interest. Lightner filed an answer and counterclaim against CitiFinancial on December 16, 2002. Lightner filed a first amended counterclaim on February 6, 2004, alleging that CitiFinancial violated the West Virginia Consumer Credit and Protection Act and other West Virginia laws by overcharging on credit insurance sold in connection with his loans. Then, on October 30, 2006, Lightner filed a second amended counterclaim adding several putative class action counterclaims.

On November 22, 2006, CitiFinancial removed the action to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A).

On December 4, 2006, Lightner filed a motion to remand, to which CitiFinancial responded and Lightner replied. On December 21, 2006, CitiFinancial filed a motion to realign the parties for purposes of removal and to add the insurance companies as necessary parties, to which Lightner responded and CitiFinancial replied.

On March 29, 2007, Lightner filed a "motion to certify class." On April 6, 2007, CitiFinancial filed a motion to dismiss the original collection action with prejudice. To date, no further pleadings have been filed.

This Court held oral argument on these motions on April 9, 2007. After a review of the applicable law as well as the memoranda in support of and in opposition to the pending motions, this Court pronounced its ruling, at the hearing, that Lightner's motion to remand must be granted and that CitiFinancial's motion to realign the parties must be denied. Further, this Court pronounced its ruling that Lightner's motion to certify class must be denied without prejudice subject to a refiling in state court and CitiFinancial's motion to dismiss the complaint must be denied without prejudice also subject to a refiling in state court.

## II. Facts

CitiFinancial is a West Virginia corporation. Lightner is a West Virginia citizen.

This civil action was initially filed by CitiFinancial in state court to collect the remaining money under the terms of a Disclosure Statement, Note and Security Agreement dated May 17, 2002. Lightner filed an answer and counterclaim alleging a breach of agreement relating to the collection on the above loan. Lightner filed an amended counterclaim adding claims for unconscionability and an unfair debt collection claim. Finally, Lightner filed a second amended counterclaim asserting several putative class action counterclaims arising out of the purchase of this loan and two prior loans.

In the complaint, CitiFinancial seeks $6,645.10 plus interest for the alleged breach of contract.

## III. Applicable Law

The federal removal statute provides that civil suits that are "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal jurisdiction must be strictly construed, however, because it "implicates important federalism concerns." Frank v. Bear Stearns & Co., 128 F.3d 919,

922 (5th Cir. 1997). "The burden of demonstrating jurisdiction resides with the party seeking removal." <u>Maryland Stadium Auth. v. Ellerbe Becket, Inc.</u>, 407 F.3d 255, 260 (4th Cir. 2005). Further, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court." <u>Cross v. Bankers Multiple Line Ins. Co.</u>, 810 F. Supp. 748, 750 (N.D. Tex. 1992).

The Court must consider removal on the basis of the pleadings at the time of removal. For purposes of removal, federal law determines who is a plaintiff and who is a defendant. The state court caption is not always determinative of which party is the plaintiff and which is the defendant for removal purposes. <u>See e.g.</u> <u>Chicago, R.I. & P.R. Co. v. Strude</u>, 346 U.S. 574, 579-80 (1954).

## IV. <u>Discussion</u>

In his motion to remand, Lightner argues that, pursuant to <u>Shamrock Oil & Gas Corporation v. Sheets</u>, 313 U.S. 100 (1941), the plaintiff cannot remove to federal court an action brought in state court. Thus, Lightner asserts that it is improper for CitiFinancial, the plaintiff in this civil action, to remove the action to this Court.

In its motion to realign the parties for purposes of removal to add the insurance companies as necessary parties, CitiFinancial argues that Lightner's motion to remand should be denied because

4

CitiFinancial is the true defendant for purposes of removal under the Class Action Fairness Act. CitiFinancial argues that the Class Action Fairness Act applies because the filing of the second amended counterclaim effectively commenced a new action. In response, Lightner argues that CitiFinancial's motion to realign the parties for purposes of removal should be denied and that his motion to remand should be granted because CitiFinancial is the proper plaintiff and cannot be realigned as a defendant for purposes of removal.

A.  Removal and Realignment

To determine a party's true status in a civil action, the United States Supreme Court established the "functional test." Magnusson v. American Allied Ins. Co., 286 F. Supp. 573 (D. Minn. 1968); see also Estate of C.A. Spragins v. Citizens Nat'l Bank of Evansville, 563 F. Supp. 424, 425-26 (N.D. Miss. 1983). Under the "functional test," the plaintiff "is the party whose intent to achieve a particular result, such as the recovery of property or money, is the 'mainspring of the proceedings,' and who is responsible for the continued existence of the action. Estate of C.A. Spragins, 563 F. Supp. 425-26. The party opposing or resisting the plaintiff's claim is the defendant, who may remove." Id. (quoting Mason City & Fort Dodge RR Co. v. Boynton, 204 U.S. 570, 579-80 (1907)).

In this civil action, CitiFinancial brought a claim against Lightner in state court for a collection of a debt. Lightner filed a second amended counterclaim to assert several putative class action counterclaims on the credit insurance premiums. First, this Court finds that 28 U.S.C. § 1446 makes it clear that state court proceedings may be removed to federal court only by "defendants." <u>Shamrock Oil & Gas Corp.</u>, 313 U.S. at 100.

Lightner argues that CitiFinancial is in the position of a plaintiff in this action because it is responsible for the continued existence of the action. CitiFinancial argues that it is the "true defendant" because Lightner's second amended counterclaim raises unrelated claims to CitiFinancial's original action. Specifically, CitiFinancial asserts that Lightner's putative class action claims create a new action because they arise from separate and distinct loan transactions that are not the subject of CitiFinancial's original. CitiFinancial further argues that because this new action is commenced by Lightner he should be considered the plaintiff for purposes of this action and realigned accordingly. This Court disagrees with CitiFinancial's argument.

This Court finds that the counterclaim does not significantly alter CitiFinancial's status as a plaintiff. The "parties' status for purposes of removal is not affected by any affirmative defenses or counter-pleadings." <u>Estate of C.A. Spragins v. Citizens Nat'l Bank of Evansville</u>, 563 F. Supp. 424 (N.D. Miss. 1983). Further,

the court in Estate of C.A. Spragins stated that "[a] 'plaintiff' against whom a counterclaim and affirmative defense is asserted does not thereby become a 'defendant' within meaning of removal statues." Id. See e.g. Magnusson v. American Allied Ins. Co., 286 F. Supp. 573 (D.C. Minn. 1968)("once it is determined a party is in the position of a plaintiff, a counterclaim, even though stating an independent cause of action, does not make a cause removable, either entirely or as to the counterclaim alone").

This Court finds that CitiFinancial is in the position of a plaintiff for purposes of removal in this civil action. The United States Supreme Court in Mason City & Fort Dodge Railroad Company v. Boynton, 204 U.S. 570 (1907), stated that the plaintiff is the party whose intent to achieve a particular result, such as the recovery of property or money, is the "mainspring of the proceedings," and who is responsible for the continued existence of the action. The party opposing or resisting the plaintiff's claim is the defendant, who may remove. Id. at 579-80. Under the "functional test" set forth in Magnusson, 286 F. Supp. at 573, this Court finds that CitiFinancial is the party seeking to enforce its alleged contractual rights against Lightner, who is the party resisting or defending the claim. As stated in Coastal Air Service, Inc. v. Tarco Aviation Service, Inc., 301 F. Supp. 586, 588 (S.D. Ga. 1969), "[o]nce a plaintiff always a plaintiff."

Further, this Court finds that Lightner's counterclaim does not commence a new action for purposes of realigning the parties. A matter under 28 U.S.C. § 1441(c) may be removed if "sued upon alone" only if the petitioner for removal is in the position of a defendant. See Magnusson, 286 F.Supp. at 575. As stated above, this Court finds that CitiFinancial is in the position of the plaintiff and so the controversy is not removable.

Accordingly, this Court finds that Lightner's motion to remand must be granted and CitiFinancial's motion to realign the parties for purposes of removal to add the insurance companies as necessary parties must be denied.

B.  Motion to Dismiss; Motion to Certify

Because this Court finds that it does not have subject matter jurisdiction over this action, it declines to rule on CitiFinancial's motion to dismiss and Lightner's motion to certify. Accordingly, this Court finds that the parties' motions must be denied without prejudice subject to being refiled in state court if appropriate.

V.  Conclusion

For the reasons stated above, Paul W. Lightner's motion to remand is hereby GRANTED and CitiFinancial, Inc.'s motion to realign the parties is hereby DENIED. Accordingly, CitiFinancial, Inc.'s motion to dismiss this action is DENIED WITHOUT PREJUDICE subject to refiling in state court and Paul W. Lightner's motion to

certify is DENIED WITHOUT PREJUDICE subject to being refiled in state court. In addition, it is ORDERED that this civil action is DISMISSED and STRICKEN from the active docket of this Court.

Further, it is ORDERED that this civil action be REMANDED to the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED: June 5, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE