IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CITIFINANCIAL, INC.,

    Plaintiff,

v.                                   Civil Action No. 5:06CV145
                                              (STAMP)
PAUL W. LIGHTNER,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO STAY REMAND AND
DENYING AS MOOT PLAINTIFF'S REQUEST FOR EXPEDITED REVIEW**

I. <u>Facts and Procedural History</u>

On May 17, 2002, Paul W. Lightner, a citizen of West Virginia, entered into a loan agreement with CitiFinancial, Inc. ("CitiFinancial"), a West Virginia corporation. Under the terms of that agreement, entitled "Disclosure Statement, Note and Security Agreement" ("Agreement"), Lightner obtained a $6,500.10 loan from CitiFinancial. When Lightner allegedly defaulted, CitiFinancial sued Lightner in state court to collect the outstanding balance, the outstanding interest, and the accruing interest that it alleged Lightner owed on the loan under the terms of the Agreement. In the complaint, CitiFinancial alleged breach of contract and sought $6,645.10, plus accruing interest, in damages. Lightner's answer to the complaint asserted a counterclaim against CitiFinancial, alleging that CitiFinancial breached an agreement relating to the collection on the above loan; violated its duty of good faith and fair dealing; and caused emotional and financial harm. Lightner

subsequently filed an amended counterclaim adding several alleged violations of the West Virginia Consumer Protection Act.  Finally, Lightner filed a second amended counterclaim to include several putative class action allegations arising out of the May 17, 2002 loan and two prior loans.

After Lightner filed his second amended complaint, in which he raised for the first time the class action counterclaims, CitiFinancial removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A).  Lightner then filed a motion to remand, arguing that well-established United States Supreme Court precedent precludes removal to federal court by the initiating plaintiff in a state court action, and that CitiFinancial's removal was therefore improper.  Relying on Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941), Lightner contended that a plaintiff who becomes a counterclaim defendant is not a "defendant" for purposes of the removal statutes.

Thereafter, CitiFinancial filed a motion to realign the parties for purposes of removal and to add certain insurance companies as necessary parties.  In support of its motion, CitiFinancial argued that Lightner's second amended counterclaim effectively instigated a new action, making CitiFinancial the true defendant for purposes of removal.

Applying the functionality test for realignment of parties, this Court determined that Lightner's class action counterclaim did

not significantly alter CitiFinancial's status as a plaintiff because CitiFinancial is the party seeking to enforce its alleged contractual rights against Lightner and because Lightner's counterclaim does not commence a new action for purposes of realigning the parties. Accordingly, this Court denied CitiFinancial's motion to realign the parties and granted Lightner's motion to remand.[1]

After this Court's ruling, CitiFinancial sought appellate review by the United States Court of Appeals for the Fourth Circuit. Relatedly, CitiFinancial also filed motions with this Court seeking a stay of the order to remand pending the outcome of the appeal and requesting expedited consideration of its motion to stay. Lightner, in his filed responses to CitiFinancial's motions, has opposed a stay. For the reasons set forth below, this Court finds that it must deny Citifinancial's motion to stay the order of remand. Based upon this Court's rulings on the motion to stay, CitiFinancial's request for expedited review of the motion to stay will be denied as moot.

### III. Applicable Law

Federal Rule of Appellate Procedure 8(a)(1) provides that a party seeking a stay of the judgment or order of a federal district

---

[1] Having determined that it did not have subject matter jurisdiction over this action, this Court also denied without prejudice -- subject to refiling in state court -- Lightner's motion to certify a class and CitiFinancial's motion to dismiss.

3

court pending appeal must ordinarily move in the district court in the first instance. Fed. R. App. P. 8(a)(1). However, under the law of the United States Court of Appeals for the Fourth Circuit, the appealing party does not secure a stay merely by initiating the appeal and moving for a stay. The Fourth Circuit has established a four-factor test for determining whether to grant a stay:

> Briefly stated, a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970).

In Robinson, the Fourth Circuit set forth these factors as four independent criteria, each of which must be met, rather than as a four-part balancing test.

## IV. Discussion

CitiFinancial argues that it meets each of the four criteria, even though this Court observes that CitiFinancial treats the factors as a balancing test. Lightner maintains that CitiFinancial fails to meet any of the Robinson test factors. Failure to satisfy any one of the Robinson prongs will defeat a party's motion to stay an order pending appeal. This Court will analyze CitiFinancial's position under all four factors and will discuss them in the same order as the parties address them in their briefs.

A.  <u>Irreparable Injury to the Moving Party if the Stay is Denied</u>

The party seeking the stay must show that it will suffer irreparable injury if the stay is denied. <u>Robinson</u>, 432 F.2d at 979. The threat of such harm must be actual and immediate. <u>Direx Israel, Ltd. v. Breakthrough Medical Corp</u>., 952 F.2d 802, 812 (4th Cir. 1991) (citing <u>Dan River, Inc. v. Icahn</u>, 701 F.2d 278, 284 (4th Cir. 1983)).

CitiFinancial claims that it will suffer irreparable harm because it could be subject to "unnecessary expense and possible duplication of efforts" if it is forced to proceed with discovery and pleadings in state court for Lightner's class claims pending appeal. CitiFinancial further argues that it will suffer irreparable injury because a successful appeal may change the parties' positions on discovery matters, class certification, and dispositive motions.[2]

Lightner contends that CitiFinancial's asserted injury of possible future inconvenience and inefficiency is too remote and speculative to constitute irreparable harm. This Court agrees.

The harms that CitiFinancial alleges it may endure if a stay is not granted are neither actual nor immediate. The prospect of potentially unnecessary financial outlay or of possible changes to

---

[2]CitiFinancial has informed this Court in its Supplement to its Motion for Stay Order of Remand Pending Appeal that it had filed a motion in state court for a stay of discovery pending appeal. The state court denied that motion and set up a discovery and briefing schedule on the CAFA claims.

strategic positions or legal arguments is hypothetical and attenuated and can in no way be considered actual or immediate harms. Because CitiFinancial's asserted harms do not meet the Direx standard of actual and immediate, they do not constitute irreparable harm. CitiFinancial thus fails to meet this prong of the Robinson test.

B.  No Substantial Harm to Other Parties if a Stay is Granted

The party seeking a stay must show that other parties will not be substantially harmed if the stay is granted. Robinson, 432 F.2d at 979. CitiFinancial contends that no other interested parties will be prejudiced if a stay is granted. To support this claim, CitiFinancial states that the only possible harm to Lightner and the putative class members resulting from a stay would be a slight delay in the proceedings. According to CitiFinancial, such a delay will not prejudice Lightner or the putative class members because the statute of limitations was tolled when Lightner filed his second amended counterclaim.

Lightner argues that he and the putative class members will suffer substantial harm from a delay because CitiFinancial continues to engage in lending practices that Lightner alleges to be predatory. Lightner further claims that he, individually, will suffer substantial harm because CitiFinancial has made misrepresentations to the Internal Revenue Service about Lightner's

tax liabilities on a purportedly forgiven debt while continuing to attempt to collect on that same debt in this action.

Lightner's arguments aside, this Court finds that CitiFinancial has failed to demonstrate that granting a stay will not substantially harm other parties. First, CitiFinancial has calculated ninety days as the outer time limit that the Fourth Circuit will take to decide the merits of the issues CitiFinancial raises on appeal. CitiFinancial relies upon 28 U.S.C. § 1453(c) in reaching its ninety-day estimate. Section 1453(c) governs appellate review of remand orders and states that

> a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not less than seven days after entry of the order.

28 U.S.C. § 1453(c)(1).

If the appellate court accepts such an appeal, it must complete review and enter judgment within sixty days after the filing of the appeal. 28 U.S.C. § 1453(c)(2). The court of appeals may, by consent of the parties or for good cause shown, grant a ten-day extension of the sixty-day period of review. 28 U.S.C. § 1453(c)(3).

Importantly, however, for purposes of counting the initial sixty-day period, an appeal is considered "filed" only when the court of appeals grants the petition for appeal. Therefore, unless and until the Fourth Circuit grants CitiFinancial's petition, the

sixty-day clock does not begin to run.  Consequently, any predictions about when the Fourth Circuit will decide the merits of the appeal must also account for the time between the filing of the petition and its grant by the court of appeals.  CitiFinancial has made no estimates of this time frame, perhaps because such an estimate is not possible.  CitiFinancial's assertion that no party will suffer substantial harm is based upon the premise that any delay in proceedings pending the appeal will be slight.  To the extent that this premise is erroneous, CitiFinancial has not shown the absence of substantial harm to other parties.

Second, even assuming that CitiFinancial's premise is sound, CitiFinancial's argument addresses only whether other parties will be prejudiced in the litigation proceedings; it does not address whether a stay would result in substantial harm either within or beyond the litigation context.[3]  Because "harm" is a broader concept than "prejudice" and because Robinson does not expressly or impliedly limit "harm" to prejudice within the litigation context, CitiFinancial's assessment of potential harm to other parties is too narrow.  For these reasons, CitiFinancial has failed to show that other parties will not be substantially harmed by the stay.

---

[3]This Court observes that "harm" and "prejudice" are not synonymous. "Harm" is defined as "[i]njury, loss, damage; material or tangible detriment." Black's Law Dictionary 734 (8th ed. 2004). "Prejudice" is defined as "[d]amage or detriment to one's legal rights or claims" or "[a] preconceived judgment formed without a factual basis; a strong bias." Id. at 1218.

8

C.  Public Interest Served by Granting the Stay

The moving party must show that the public interest will be served by granting the stay. Robinson, 432 F.2d at 979. CitiFinancial argues that a stay of this Court's remand will serve the public interest by allowing the Fourth Circuit to rule on an issue of first impression, specifically whether CAFA modifies Shamrock's holding to permit removal of a putative class action counterclaim that would be subject to removal if it had been filed as an independent action. CitiFinancial observes, correctly, that the courts and the bar generally will benefit from having an issue of possible first impression resolved in this Circuit. CitiFinancial fails to demonstrate, however, any relationship between staying the remand of this particular action and serving the public interest. CitiFinancial thus fails to satisfy the public interest factor of the Robinson test.

D.  Likelihood of Success on the Merits

Finally, a party seeking a stay pending appeal of a district court judgment or order must show that the party will likely prevail on the merits of the appeal. Robinson, 432 F.2d at 979. CitiFinancial, relying on case law from the United States Court of Appeals for the Fifth Circuit and from the United States Court of Appeals for the District of Columbia, contends that it must show only that serious legal questions are involved and that the balance of equities weighs heavily in favor of granting a stay. As stated

9

above, however, Robinson, which is the law in the Fourth Circuit and to which this Court is bound, presents the test as four separate criteria -- all of which must be met before a court may grant a stay -- not as a balancing of the equities test.[4] Therefore, in addition to demonstrating that CitiFinancial will suffer irreparable injury if the stay is not granted, that no other parties will suffer substantial harm if they stay is not granted, and that the public interest will be served if the stay is granted, CitiFinancial must show that it will likely prevail on the merits of the appeal. This, it cannot do.

CitiFinancial's argument that CAFA overruled Shamrock rests upon CitiFinancial's belief that Congress' broad expansion of federal jurisdiction of class actions impliedly gave a plaintiff in state court to remove the action to federal court when such plaintiff becomes a counterclaim defendant in a class action counterclaim. CAFA's broad policy objectives notwithstanding, the enacted statute neither addresses realignment nor confers upon a plaintiff of any kind the right to remove an action brought in state court. This Court cannot conclude that CitiFinancial will likely prevail on the merits of the appeal.

---

[4]Even if Robinson were a balancing test, the equities weigh against CitiFinancial because CitiFinancial fails to satisfy any of the Robinson factors. The balance of equities therefore weighs against granting the stay.

## V. Conclusion

For the reasons stated above, CitiFinancial Inc.'s motion to stay order of remand pending appeal is hereby DENIED and its request for expedited review is DENIED as moot.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED: October 22, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE